IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>VALERIE LAVERNE THOMAS, et al.,</td><td>*</td><td></td></tr>
<tr><td>    Appellants,</td><td>*</td><td></td></tr>
<tr><td>    v.</td><td>*</td><td>Civil Action No. PX 16-1121</td></tr>
<tr><td>NANCY SPENCER GRIGSBY,</td><td>*</td><td></td></tr>
<tr><td>    Appellee.</td><td>*</td><td></td></tr>
</table>

******

**MEMORANDUM OPINION**

Valerie LaVerne Thomas together with her son, Mark Thomas, appeal an order of the

United States Bankruptcy Court for the District of Maryland denying the removal of the Chapter

13 Trustee. ECF No. 1. Pending and ready for resolution is a motion to dismiss the appeal filed

by Appellee Nancy Spencer Grigsby, Chapter 13 Trustee. ECF No. 11. Oral argument is deemed

unnecessary because the facts and legal arguments are adequately presented in the briefs and

record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R.

Bankr. P. 8019(b)(3); *see also* Local Rule 105.6. For the reasons stated below, Appellee's

Motion to Dismiss (ECF No. 11) is GRANTED.

## I.  BACKGROUND

On December 31, 2015, Valerie LaVerne Thomas (the "Debtor") commenced her

bankruptcy case under Chapter 13 of the Bankruptcy Code and Nancy Spencer Grigsby was

appointed as the Chapter 13 Trustee. ECF No. 5 at 8; ECF No. 3-8 at 7. More than three months

later, the Debtor, together with her son, Mark Thomas ("Mr. Thomas"), as trustee for the Valerie

LaVerne Thomas Trust, (collectively, "Appellants" or "Thomas Appellants") filed their Joint

Motion to Remove Chapter 13 Trustee and Motion for Leave to Intervene as Representative of the Estate (the "Motion"). ECF No. 3-1; B.R. Doc. 37.

The Motion requested the Bankruptcy Court to (a) allow Mr. Thomas to intervene in the Debtor's bankruptcy case for the purpose of providing estate-planning services to the Debtor and to use an office that he maintains as successor-in-interest of the LaVal Corporation, which operates out of the Debtor's home, and (b) replace Nancy Spencer Grigsby, Chapter 13 Trustee ("Trustee" or "Appellee"), with Mr. Thomas, who is a trustee for The Valerie LaVerne Thomas Trust. ECF No. 3-1; B.R. Doc. 37.

The Trustee opposed the Motion, arguing that Mr. Thomas is not a proper party to "intervene" in the Bankruptcy proceedings[1] and that no cause had been shown to remove the Trustee and replace her with Mr. Thomas. ECF No. 3-2; B.R. Doc. 41. The Bankruptcy Court denied the Appellants' Motion because no cause was shown to grant the relief requested. ECF No. 1-1 at 1; B.R. Doc. 43 at 1; *see also* B.R. Doc. 96 at 3, Order Denying Joint Motion to Stay Pending Appeal of Order (denying removal of the trustee because the Motion did not allege any misconduct, negligence or the existence of a conflict of interest by the Chapter 13 Trustee).

---

[1] While the Motion's title indicates that the Debtor and Mr. Thomas seek permission for Mr. Thomas to intervene in the bankruptcy case, the concept of "intervening," and the code section cited by the Movants, do not appear to have the same meaning as movants give it. The Motion does not allege that Mr. Thomas has an economic interest in the bankruptcy case. Nor does the Motion allege that his interests are not adequately represented by the parties already involved in the case, or that denial of the Motion will adversely affect his personal or economic interests. *See Pasternak & Fidis, P.C. v. Wilson*, 2014 WL 4826109, at *6 (D. Md. Sept. 23, 2014) (citing *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 853 (Bankr. S.D.N.Y. 1989)). Thus, this Court shall construe *pro se* movants' "Joint Motion to Remove Chapter 13 Trustee and Motion for Leave to Intervene as Representative of the Estate" as a motion to remove the trustee as did Bankruptcy Court. *See* B.R. Doc. 96 at 3 (Bankruptcy Court's order denying a stay of the proceedings for the present appeal).

On April 15, 2016, Valerie LaVerne Thomas and Mark Thomas filed a joint notice of appeal with this Court, appealing the denial of the movants' Motion. ECF No. 1; B.R. Doc. 51. The Appellants contend that the Motion was denied "without having afforded adequate notice, or an opportunity to be heard, thereupon." ECF No. 5 at 5. They also assert that the Bankruptcy Court misapplied the law in deciding that no cause had been shown for removing the Chapter 13 Trustee. ECF No. 5 at 17.

The Thomas Appellants filed their appellate brief on May 11, 2016 "pursuant to 28 U.S.C. § 158" asserting that the order denying the motion to remove the Trustee "is final in Bankruptcy Case No. 15-27855, as to *inter alia*, the interests of Appellant, Mark Thomas, as a Trustee of The Valerie LaVerne Thomas Trust." ECF No. 5 at 5. The Trustee responded by moving to dismiss the appeal. ECF No. 11. The Trustee contends that the Court lacks jurisdiction to review the Order because it is interlocutory and not final, and thus the appeal must be dismissed. For the reasons that follow, the Motion to Dismiss will be GRANTED.

## II.  STANDARD OF REVIEW

The jurisdiction of a district court to hear appeals from bankruptcy courts is conferred by 28 U.S.C. § 158(a), which provides:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>     (1) from final judgments, orders, and decrees;
>     (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>     (3) with leave of the court, from other interlocutory orders and decrees[.]

28 U.S.C. § 158(a). "Thus, by statute, an appeal of right exists only from a final judgment, and any other appeal, i.e., from an interlocutory order, may lie only upon obtaining leave of the court." *In re Rood*, 426 B.R. 538, 546 (D. Md. 2010). "[I]nterlocutory review is not to be granted lightly. While it is a prerequisite to our jurisdiction, certification by a district court

that an interlocutory order turned on a 'controlling question of law' does not require us to grant leave to appeal." *In re Pawlak*, No. Civ-DKC-14-2839, 2015 WL 1523017, at \*2 (D. Md. Apr. 1, 2015), *reh'g denied*, No. Civ-DKC-14-2839, 2015 WL 2345582 (D. Md. May 14, 2015) (quoting *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at \*2 (4th Cir. 1989) (unreported)).

## III. ANALYSIS

### A.  Final versus Interlocutory Order

The parties dispute whether an order denying a motion to remove the bankruptcy trustee is a final order over which this Court has jurisdiction under 28 U.S.C. § 158(a)(1). A final order is one that "ends litigation and leaves nothing for the court to do but execute the judgment." *Caitlin v. United States*, 324 U.S. 229, 233 (1945). By contrast, an interlocutory order decides some intervening matter that requires other action to enable the court to adjudicate the cause on the merits. *Rood*, 426 B.R. at 545. *See also Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1692 (2015) (explaining that final orders alter the status quo and determinedly fix the rights and obligations of the parties).

When reviewing bankruptcy proceedings, this Court employs a more forgiving standard for determining what constitutes a final order than in civil proceedings under 28 U.S.C. § 1291. *Rood*, 426 B.R. at 546. "To avoid the waste of time and resources that might result from reviewing discrete portions of the action only after a plan of reorganization is approved, courts have permitted appellate review of orders that in other contexts might be considered interlocutory." *In re Green Star Town House Apartments, Inc.*, No. CIV. WDQ-12-3683, 2013 WL 2946854, at \*2 (D. Md. June 12, 2013) (quoting *Comm. of Dalkon Shield Claimants v. A.H. Robins Co.*, 828 F.2d 239, 241 (4th Cir. 1987)).

Despite the "more pragmatic and less technical" application of the finality doctrine in the context of bankruptcy appeals, *Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013), for an order to be final, it must "'conclusively determine[ ] a separable dispute over a creditor's claim or priority.'" *In re Urban Broadcasting Corp.*, 401 F.3d 236, 247 (4th Cir. 2005) (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 445-46 (1st Cir. 1983)).

With respect to the bankruptcy court's denying removal of the trustee, the Court in *Smith-Scott v. Liebmann*, No. BR 14-25022, 2016 WL 1084127, at *2 (D. Md. Mar. 18, 2016), correctly held that such order is not final because "it neither resolves nor seriously affects substantive rights, nor finally determines the discrete issue to which it is addressed, since the trustee could be removed at a later time." *Smith-Scott v. Liebmann*, No. BR 14-25022, 2016 WL 1084127, at *2 (D. Md. Mar. 18, 2016) (citing *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012). Importantly, an order *denying* removal is properly construed as non-final because the denial preserves the status quo rather than upsets it. *See also In re E. Livestock Co., LLC*, 2013 WL 4479080, at *4 (S.D. Ind. Aug. 20, 2013) ("[S]ince an order denying removal of the trustee preserves the status quo and may be later revisited, . . . such an order is not a final order subject to 28 U.S.C. § 158(a)(1).". "So long as a trustee remains in office, the status quo ante continues and his actions may be reviewed throughout the bankruptcy proceedings." *SK Foods, L.P.*, 676 F.3d at 802; *accord Bullard*, 135 S. Ct. at 1692 (explaining that final orders alter the status quo and determinedly fix the rights and obligations of the parties); *Dalkon Shield*, 828 F.2d at 241(construing denial of appointing Trustee in first instance because as final order "several years of hearings and negotiations [might] be wasted").

Moreover, denying removal of the Trustee does not leave Appellant without remedy in bankruptcy. Mr. Thomas may "seek to intervene in discrete matters" as they arise while keeping

the current Trustee in place. Bankruptcy Case No. 15-27855-WIL, B.R. Doc. 96 at 4*; accord In re Computer Learning Centers, Inc.*, 407 F.3d 656, 661 (4th Cir. 2005) (finding that the interim fee award displayed a lack of finality because it was "subject to reevaluation and therefore to either reduction or indeed enhancement"); *In re Swyter*, 263 B.R. 742, 747 (E.D. Va. 2001) (finding an order expanding an examiner's authority as not finally determining a limited partner's substantive rights because the order did not, by itself, confirm the debtor's reorganization plan). Accordingly, because denial of removal does not conclusively foreclose Appellant from challenging the Trustee's actions going forward or from seeking Mr. Thomas' intervention in the bankruptcy proceedings, the order is not properly construed as final. Thus, this court lacks jurisdiction to review this appeal.

### B.   Collateral Order

Alternatively, Appellants assert that the Court should exercise jurisdiction over their appeal under the "collateral order doctrine" set forth in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). ECF No. 5 at 6. The Court disagrees.

The collateral order exception to the finality rule is only appropriate for a narrow class of prejudgment orders that finally determines claims of right "which [are] not an ingredient of the cause of action and does not require consideration with it." *Cohen*, 337 U.S. at 546-47. "Under the collateral order doctrine, interlocutory orders of the bankruptcy court are appealable if they [1] conclusively determine a disputed question, [2] resolve an important issue completely separate from the merits of an action, and [3] are effectively unreviewable on appeal from a final judgment." *Computer Learning Ctrs., Inc.*, 407 F.3d at 662 (quotations omitted) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)).

Because the Bankruptcy Court may review the activities of the Trustee throughout the bankruptcy proceedings, the order denying removal has not conclusively determined the disputed question. *See Computer Learning Ctrs., Inc.*, 407 F.3d at 662. Appellant may challenge the propriety of the Trustee's actions or alleged malfeasance throughout. At the time final judgment is entered, the order will also be subject to appellate review. *See Swyter*, 263 B.R. at 750. Thus, the order denying removal here is not reviewable at this juncture as a collateral order.

### C.   Appeal of an Interlocutory Order

Appellee finally argues that even if the order denying removal is treated as an interlocutory order, the court lacks jurisdiction to review this appeal because Appellant did not seek leave of court to appeal as required by 28 U.S.C. § 158(a)(3). ECF No. 11 at 4. While Appellants, acting *pro se*, did not formally request leave, the court construes their timely-filed notice as a motion for leave to appeal pursuant to Fed. R. Bankr. P. 8003(c). *See In re Pawlak*, 520 B.R. 177, 181 (D. Md. 2014), *reh'g denied*, No. CIV.A. DKC 14-2326, 2015 WL 1522945 (D. Md. Apr. 1, 2015); *Rood*, 426 B.R. at 548.

"In seeking leave to appeal an interlocutory order or decision [of a bankruptcy court], the appellant must demonstrate 'that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74 (E.D. Va. 2000) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). When deciding whether to grant leave to appeal an interlocutory order or decree of a bankruptcy court, the district court may employ an analysis similar that of the circuit court of appeals in reviewing interlocutory orders under 28 U.S.C. § 1292(b). *See, e.g.*, *Prologo v. Flagstar Bank, FSB*, 471 B.R. 115, 129 (D. Md. 2012); *Rood*, 426 B.R. at 548; *KPMG Peat Marwick*, 250 B.R. at 78; *Atlantic Textile Group, Inc. v. Neal*, 191 B.R.

652, 653 (E.D. Va.1996) (citations omitted). Under this analysis, leave to file an interlocutory appeal should be granted only where: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for a difference of opinion; <u>and</u> (3) immediate appeal would materially advance the termination of the litigation. 28 U.S.C. § 1292(b); *accord Prologo*, 471 B.R. at 129 (emphasis added). "Moreover, the Fourth Circuit has cautioned that '§ 1292(b) should be used sparingly and . . . that its requirements must be strictly construed.'" *Clark Const. Grp., Inc. v. Allglass Sys., Inc*, No. CIV.A. DKC 2002-1590, 2005 WL 736606, at *1 (D. Md. Mar. 30, 2005) (quoting *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)). If any one of these three elements is unsatisfied, leave to appeal cannot be granted. *See KPMG Peat Marwick*, 250 B.R. at 79; *In re Air Cargo, Inc.*, Civ. No. CCB–08–587, 2008 WL 2415039, *3 (D. Md. June 11, 2008).

Appellants' primary contention on appeal is that the Bankruptcy Court erred in determining that no cause had been shown for removing the Chapter 13 Trustee. This is largely, if not exclusively, a question of fact and not "a controlling question of law." A controlling question of law is a "narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Prologo*, 471 B.R. at 130 (quoting *Rood*, 426 B.R. at 548); *Fannin*, 1989 WL 42583, at *5. Removal of a bankruptcy trustee, however, is determined on a "case-by-case basis," *EquiMed, Inc.*, 267 B.R. 530, 532 (D. Md. 2001) (citing *In re Reed*, 178 B.R. 817, 821 (Bankr. D. Ariz. 1995)), requiring review of both law and fact. *See In re Baker*, 38 B.R. 705, 707 (D. Md. 1983) (providing the standard for removal and listing cases analyzing the misconduct or negligence on the part of a trustee); *accord In re Swann Ltd. P'ship*, 128 B.R. 138, 141 (D. Md. 1991) (no interlocutory appeal granted because venue decisions are usually fact specific to the case at

hand); *In re Hebb*, 53 B.R. 1003, 1006 (D. Md. 1985) ( "The essence of this appeal does not concern the legal standard applied by the bankruptcy court, but instead that court's conclusions of fact."). Because "discretionary orders are not of the type from which interlocutory appeals are generally taken," this Order is not appropriate for interlocutory review. *Swann*, 128 B.R. at 141 (citations omitted); *see also Hebb*, 53 B.R. at 1006.

Nor is Appellant's argument regarding lack of due process capable of interlocutory review. Appellants claim they were not afforded adequate notice and an opportunity to be heard before the Bankruptcy Court on removing the trustee. On appeal, this question presents no "substantial ground for a difference of opinion" required for review to be proper. *See* 28 U.S.C. § 1292(b). As the Bankruptcy Court aptly noted, § 102 of the Bankruptcy Code clearly vests the bankruptcy court with discretion to determine whether removal of the trustee is warranted with or without notice and a hearing:

> Although § 324 of the Bankruptcy Code permits the removal of a trustee 'after notice and a hearing,' the rules of construction of the Bankruptcy Code contained in § 102 provides that 'after notice and a hearing' means 'after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances.' 11 U.S.C. § 102(1)(A). Section 102 authorizes a Court to act on a pending motion without a hearing if proper notice is given and no request for a hearing is timely made. 11 U.S.C. § 102(1)(B). Here, all parties-in-interest had notice of the Motion to Remove Trustee and no party requested a hearing thereon. Thus, the Court considered the Motion to Remove Trustee once it was ripe and determined that the pleadings adequately set forth the parties' positions without the need for a hearing."

B.R. Doc. 96 at 2. Accordingly, where, as here, the parties do not request an evidentiary hearing and none from the pleadings appeared necessary, the bankruptcy court is clearly authorized to rule without a hearing. *In re Gonzalez-Ruiz*, 341 B.R. 371, 381 (B.A.P. 1st Cir. 2006) (citing *Finney v. Smith*, 141 B.R. 94, 101 (E.D. Va. 1992), *aff'd*, 992 F.2d 43 (4th Cir. 1993)). No

substantial grounds for a difference of opinion exist in this regard. Thus, the decision of the

Bankruptcy Court is not fit for interlocutory review. *Clark Const. Grp.*, 2005 WL 736606, at *3.

## IV. CONCLUSION

For the foregoing reasons, Appellee's Motion to Dismiss (ECF No. 11) is GRANTED.

The Appeal of Valerie LaVerne Thomas and Mark Thomas shall be DISMISSED, and these case

will be REMANDED to the United States Bankruptcy Court for the District of Maryland. An

Order will follow.

_____8/30/2016_____               _____/S/_____
Date                                           PAULA XINIS
                                               United States District Judge